IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL BERNARD<br>212 E. Park Avenue<br>Ambler, PA 19002,<br>　　　　Plaintiff<br>　　v.<br><br>UNITED BIOSOURCE LLC<br>920 Harvest Dr.<br>Blue Bell, PA 19422<br><br>　　and<br><br>BEACON HILL STAFFING GROUP<br>1835 Market Street<br>Suite 725<br>Philadelphia, PA 19103,<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>: JURY DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

_____

COMPLAINT

Plaintiff Daniel Bernard ("Bernard"), sets forth this Complaint alleging discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Pennsylvania Human Relations Act, 43 P.S. §955, against United BioSource Corporation ("UBC") and Beacon Hill Staffing Group ("Beacon Hill") as follows:

I. PARTIES

1) Plaintiff, Daniel Barnard is an adult individual residing at all times relevant at 212 E. Park Ave., Ambler, PA 19002.

2) Defendant, UBC is upon information and belief a foreign limited liability corporation, with a principal place of business at 920 Harvest Drive, Blue Bell PA. UBS provides pharmaceutical support services to biopharmaceutical companies.

3) Defendant, Beacon Hill is a foreign limited liability corporation registered to do business in the Commonwealth of PA, with offices at 1835 Market Street, Philadelphia, PA 19103.  Beacon Hill is a staffing Company, providing "temporary and contract staffing, and temporary/contract-to-hire solutions" and "direct hire and executive search services to emerging growth companies."

## II. JURISDICTION AND VENUE

4) This Court has original jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under the state law claim pursuant to 28 U.S.C. §1367.

5) Venue is proper in this Court pursuant to 29 U.S.C. § 1391 (b)(2) as the acts, occurrences and the breaches occurred in the Eastern District of Pennsylvania.

6) Plaintiff has met all prerequisites to suit and was issued a Right to Sue letter from the Equal Employment Opportunity Commission on August 27, 2021, therefore this action is timely filed.

## III. NATURE OF CASE

7) Bernard is an adult individual who suffers from serious back pain, lack of mobility, as result of multiple back surgeries.  This disability substantially limits one or more of his major life's activities, and he is a covered individual under the ADA.

8)  UBC is a pharmaceutical support services that partners with life science companies with its mission to make medicine and medical products safer and more accessible. UBC is an employer pursuant to the ADA, engaging in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks for the year at al time relevant to the Complaint. 42 U.S.C. § 12111 (5)(A).

9) Beacon Hill, is a provider of staffing services to multiple industries, including UBC. Beacon Hill is a "covered entity" employer pursuant to the ADA, 42 U.S.C. § 12111 (2). Beacon Hill provides temporary staffing as well as contract to hire services to its clients.

10) On or about November 25, 2019, Plaintiff was hired as a temporary to long term employee and was placed at UBC through Beacon Hill. Beacon Hill paid Bernard as its W-2 employee. At the time of his hire, Bernard was advised by Beacon Hill that this was a "contract to permanent" placement.

11) Beacon Hill hired plaintiff to perform IT Services including supporting risk management software at UBC in Blue Bell. Pursuant to an Agreement signed with Beacon Hill:

> Contract Worker may be engaged to provide services to UBC as an employee or independent contractor of Vendor [Beacon Hill] and not as an employee of UBC. Contract Worker shall perform all services or work under the assignment to the satisfaction of UBC.

12) At all times relevant, Plaintiff was paid by Beacon Hill but performed services at UBC under the supervision, authority, and control of UBC. Bernard had a supervisor at UBC who he reported to on a daily basis, and he worked on the premises at UBC, under the authority and control of UBC. Bernard was required to at all times "comply with all rules, policies and procedures of UBC" as provided or made available to Plaintiff by "Vendor and/or UBC "and agreed "not to violate any of UBC's work rules and policies, including those specified in any code of conduct of UBC or other UBC workplace manual."

13) Due to longstanding back pain resulting from several back operations, Plaintiff required a chair and work station that would allow him to work without experiencing significant pain in his back. Plaintiff had successfully used a full standing desk in previous employment.

14) Plaintiff reported to work at UBC on Monday November 25, 2019.  Beacon Hill provided Bernard with a "table top" standing desk that was not the right size for Plaintiff's height, and he immediately started to experience back pain.

15) On or about November 26, 2019, Vanessa Losorelli ("Losorelli"), a representative from Beacon Hill came out to assess the workplace, and Plaintiff's needs.  On that day, Plaintiff was experiencing back pain. Loroselli, stated "Dan, I understand you're experiencing pain, do you or don't you feel it would be best if you went home until we can come up with better solution next week?" Plaintiff responded that he was experiencing significant pain and discomfort, that he would rather not go home on his second day of work but was in a significant degree of pain.

16) Loroselli spoke with Haresh Patel, Plaintiff's supervisor at UBC, and then stated to Bernard that it was "OK to go ahead and go home, but first speak with Patel."

17) Plaintiff then spoke to Patel who said, "I hear you're in pain.  I think it's OK if you work from home the next couple of days, but after that any days you can't work next week, you need to take sick time, or time without pay." Plaintiff explained that he did not have adequate equipment at that point (free standing adjustable desk) to work from home either.

18) At all times Plaintiff suggesting that he be supplied with and permitted to use a full standing desk and offered to pay for half of the purchase price.  Upon information and belief, the model he suggested was less than $1,000.

19) Plaintiff returned back to the workspace on ]November 27, 2019, and on December 2, 2019, after the Thanksgiving weekend. On December 3, 2019, a new "table top" standing desk was supplied, not an integrated standing deck, and it was so flimsy that it collapsed when a

monitor was placed on it.   Plaintiff had to replace the collapsed desk with the too small one that was originally supplied, which had aggravated his back.

20) On December 4th, 2019, a representative came back from Beacon Hill came to reassess the space with the table top desk supplied.  The new desk was not working, but Plaintiff was cooperating with Bacon Hill to try address the situation.

21)  UBC insisted that any desk had to "work with the existing furniture" and that the cubicle space in which Plaintiff was assigned was not suitable for a free-standing desk and that they would not accommodate his request, as not "fitting with the furniture."

22)  At all times Plaintiff was assigned to a work space cubicle.

23) UBC refused to honor his request for a full standing desk, and Beacon Hill failed to supply an appropriate desk for Bernard's needs, despite Plaintiff's recommendation of the exact model, and offer to split the cost.

24) At all times UBC and Beacon Hill failed to work with Plaintiff as to an appropriate reasonable accommodation for his back injury.

25) On or about December 4, 2019, eight days from his start date, Plaintiff received a call from his Beacon Hill recruiter who stated, "it's just not working out, the client says your skill set isn't a fit, that's your last day on the project."

26) As the date of termination, Plaintiff had not yet been assigned any technical work, but was reviewing Company data, documents, and other materials in order for him to take on an assignment that had not yet been made to him.

27) Neither UBC nor Beacon Hill advised Plaintiff that he was failing in any way to meet the job requirements.  Prior to termination, Plaintiff was not given any substantive work to do, but was reviewing data and documents to familiarize himself with UBC's process.

28) Prior to his termination, Plaintiff was not given any verbal or written warning, or placed on any sort of a performance improvement plan.

29) At no time did the Plaintiff fail to perform any requested task, or poorly perform any requested task, as no project work was ever supplied for him to perform.

30) At all times throughout his career, Plaintiff has been a successful software engineer and Information Technology officer at Toll Brothers and other places of employment.

31) Beacon Hill and UBC illegally terminated Bernard in violation of the law

COUNT ONE – AMERICANS WITH DISABILITIES ACT

32) Plaintiff incorporates by reference the allegations in paragraphs 1-31, as though fully set forth herein.

33) At all times Plaintiff is a "qualified person with a disability" under the ADA. Plaintiff suffers from a permanent and painful back injury, which injury impacts his ability to sleep, to drive, to think, to walk, to sit and other major life activities.

34) Plaintiff has received ongoing care and treatment, including physical therapy, pain management therapy and other modalities to help support him with his disability.

35) Plaintiff is able to perform the essential functions of his job as a software engineer, provided that he has a suitable ergonomic work station, standing desk and is able to move around.

36) Plaintiff requested a reasonable accommodation for a standing desk to allow him to perform the essential functions of his job while managing his discomfort and pain levels.

37) Defendant Beacon Hill did not complete the interactive process with Plaintiff to accommodate his disability. Beacon Hill provided non suitable desks, which were not of the right size, height and that fell apart.

38) Defendant UBC failed to engage in the accommodation process by not working with Bernard in any interactive process.

39) The standing desk recommended by Plaintiff provided a reasonable accommodation that did not pose undue hardships or expense to Beacon Hill and/or UBC.

40) UBC wanted to force Bernard to remain in a cubicle with standard furniture, rather than to provide him with an open work space for a standing desk.

41) Bernard requested and was denied reasonable accommodation to perform the essential functions of his job.

42) Beacon Hill and UBC acted as joint employers under the law.

43) Beacon Hill and/or UBC took adverse action against Plaintiff in terminating his employment due to his disability.

44) Beacon Hill and/or UBC failed to provide a reasonable accommodation under the law to a qualified individual with a disability.

45) Plaintiff was employed for less than eight (8) days, some of which time was holiday time, and time he was sent home and not working due to pain issues.

46) Any allegations of a failure to perform were merely a pretext to terminate the Plaintiff from employment.

47) Despite the Plaintiff's requests, UBC failed to offer any more staffing assignments to Plaintiff and is further discriminating against him in the terms of hire.

48) As a result of the actions of the Defendants, the Plaintiff has suffered harm, including, but not limited to, loss of income, and emotional harm and mental pain and suffering.

WHEREFORE, The Plaintiff request all damages in law and equity allowed to the fullest extent of the law, including back pay, front pay, lost benefits, compensatory damages for

emotional distress and punitive damages, in excess of $75,000 along with an award of attorney's fees.

## COUNT TWO –PENNSYLVANIA HUMAN RELATIONS ACT

49) Plaintiff incorporates by reference the allegations in paragraphs 1-48, as though fully set forth herein.

50) Defendant UBC is an "employer" under the PHRA 43 P.S. § 954, employing four or more persons in the Commonwealth of Pennsylvania.

51) Defendant Beacon Hill is an "employer" and "an employment agency," under the PHRA 43 P.S. § 954, employing four or more persons in the Commonwealth of Pennsylvania and providing staffing services for compensation.

52) Plaintiff is a person with disability pursuant to 43 P.S. § 954, as his back injury constitutes a physical impairment which substantially limits one or more of his major life activities.

53) Plaintiff is able to perform the essential functions of his job as a software engineer, provided that he has a suitable ergonomic work station, standing desk and is able to move around.

54) Plaintiff requested a reasonable accommodation for a standing desk to allow him to perform the essential functions of his job while managing his discomfort and pain levels.

55) Defendant Beacon Hill did not complete the interactive process with Plaintiff to accommodate his disability. Beacon Hill provided non suitable desks, which were not of the right size, height and that fell apart.

56) Defendant UBC failed to engage in the accommodation process by not working with Bernard in any interactive process.

57) The standing desk recommended by Plaintiff provided a reasonable accommodation that did not pose undue hardships or expense to Beacon Hill and/or UBC.

58) UBC wanted to force Bernard to remain in a cubicle with standard furniture, rather than to provide him with an open work space for a standing desk.

59) Bernard requested and was denied reasonable accommodation to perform the essential functions of his job.

60)  Beacon Hill and UBC acted as joint employers under the law.

61)  Beacon Hill and/or UBC took adverse action against Plaintiff in terminating his employment due to his disability.

62) Beacon Hill and/or UBC failed to provide a reasonable accommodation under the law to a qualified individual with a disability.

63) Plaintiff was employed for less than eight (8) days, some of which time he was sent home and not working due to pain issues.

64) Any allegations of a failure to perform were merely a pretext to terminate the Complaint from employment.

65)  Despite the Plaintiff's requests, UBC failed to offer any more staffing assignments to Plaintiff and is further discriminating against him in the terms of hire.

66) As a result of the actions of the Defendants, the Plaintiff has suffered harm, including, but not limited to, loss of income, and emotional harm and mental pain and suffering.

WHEREFORE, The Plaintiff request all damages in law and equity allowed to the fullest extent of the law, including back pay, front pay, lost benefits, compensatory damages for emotional distress, in excess of $75,000, along with an award of attorney's fees.

A JURY TRIAL IS DEMANDED

October 12, 2021

_____
Kimberly H. Ashbach
708 Abbeydale Court
Ambler, PA  19002
(267) 468-0613
(267) 468-0614 (fax)
Attorney I.D. No. 58246
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL BERNARD<br>212 E. Park Avenue<br>Ambler, PA 19002,<br>    Plaintiff<br>    v.<br><br>UNITED BIOSOURCE LLC<br>920 Harvest Dr.<br>Blue Bell, PA 19422<br><br>    and<br><br>BEACON HILL STAFFING GROUP<br>1835 Market Street<br>Suite 725<br>Philadelphia, PA 19103,<br>    Defendants | : <br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DECLARATION OF DANIEL BERNARD

I, Daniel Bernard ("Bernard"), state that I am the Plaintiff in this action. I hereby verify under penalty of perjury that the statements made in the following Declaration are true and correct to the best of my knowledge, information, and belief. I understand that these statements are made subject to the penalties of 28 U.C.S. § 1746 relating to unsworn declarations to authorities.

_____
Daniel Bernard